FRANK N. DARRAS #128904, Frank@DarrasLaw.com
SUSAN B. GRABARSKY #203004, SGrabarsky@DarrasLaw.com
PHILLIP S. BATHER #273236, PBather@DarrasLaw.com

**DarrasLaw**

3257 East Guasti Road, Suite 300
Ontario, California 91761-1227
Telephone:  (909) 390-3770
Facsimile:  (909) 974-2121

Attorneys for Plaintiff
RICHARD HAYNES

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD HAYNES,<br><br>Plaintiff,<br><br>vs.<br><br>THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br><br>Defendant. | Case No:<br><br>COMPLAINT FOR BENEFITS UNDER AN EMPLOYEE WELFARE BENEFIT PLAN |

Plaintiff alleges as follows:

1. This Court's jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1337 and 29 U.S.C. § 1132(a), (e), (f), and (g), of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1101, *et seq.* (hereafter "ERISA") as it involves a claim by Plaintiff for Disability benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question.

2. The ERISA statute at 29 U.S.C. § 1133, in accordance with Regulations of the Secretary of Labor, provides a mechanism for internal appeal of benefit denials. Those avenues of appeal have been exhausted.

3. Plaintiff is informed and believes and thereon alleges that the Defendant PENSKE TRUCK LEASING CO., L.P. LONG TERM DISABILITY PLAN ("Plan") is an employee welfare benefit plan established and maintained by Penske Truck Leasing Co., L.P. to provide its employees and those of its subsidiaries and affiliates, including Plaintiff, RICHARD HAYNES, with income protection in the event of a disability and is the Plan Administrator.

4. Plaintiff alleges upon information and belief that Defendant, THE PRUDENTIAL INSURANCE COMPANY OF AMERICA ("PRUDENTIAL"), is, and at all relevant times was, a corporation duly organized and existing under and by virtue of the laws of the State of New Jersey, authorized to transact and transacting the business of insurance in this state, and the Claims Administrator for the Plan.

5. Plaintiff further alleges that venue is proper in this district pursuant to 29 U.S.C. § 1132(e)(2) in that Defendant PRUDENTIAL, who fully insured the policy and who is ultimately liable if Plaintiff, RICHARD HAYNES ("Plaintiff" and/or Mr. Haynes") is found disabled, may be found in this district. Since on or about May 13, 1901, PRUDENTIAL has been registered as a corporation with the state of California, has extensive contacts within the state, employs California residents, conducts ongoing business within the state and therefore, may be found within the state.

6. At all relevant times Plaintiff was a resident and citizen of the United States, an employee of Penske Truck Leasing Co., L.P. its successors, affiliates and/or subsidiaries, and a participant in the Plan.

7. Based upon information and belief, Plaintiff alleges that at all relevant times herein Plaintiff was covered under group disability policy number G44445-PA that had been issued by Defendant PRUDENTIAL to Penske Truck Leasing Co., L.P. and the eligible participants and beneficiaries of the Plan, including Plaintiff.

8. The Plan provides a monthly benefit equivalent to sixty six and two-thirds percent (66.67%) of MR. HAYNES's monthly earnings less deductible sources of income following a 26 week Elimination Period.

- 2 -

COMPLAINT

9. The Plan defines "Disabled" as:

- "You are disabled when Prudential determines that:
    - you are unable to perform the material and substantial duties of your regular occupation due to your sickness or injury; and
    - you are under the regular care of a doctor; and
    - you have a 20% or more loss in your indexed monthly earnings due to that sickness or injury.
- After 24 months of payments, you are disabled when Prudential determines that due to the same sickness or injury:
    - you are unable to perform the duties of any gainful occupation for which you are reasonably fitted by education, training or experience; and
    - you are under the regular care of a doctor."

10. The Plan provides monthly benefits until MR. HAYNES's Social Security Normal Retirement Age as defined by the Social Security Normal Retirement Act.

11. Prior to his disability, Plaintiff was working as a Technician I (Mechanic) for Penske Truck Leasing Co., L.P. This position was responsible for performing all levels of preventive and routine maintenance services on motor truck and trailer equipment, including inspecting, troubleshooting, and repairing major and minor equipment components, using hand tools and power tools to adjust, replace, tighten, and reassemble various parts, and road testing vehicles when necessary to diagnose malfunctions.

12. Plaintiff became disabled as defined by the Plan on or about July 13, 2014.

13. On or about July 15, 2014, Plaintiff presented to his primary care physician, Dr. Alice Pyles, with low back pain and dizziness.

14. On or about July 25, 2014, Plaintiff's claim for Short Term Disability benefits was approved.

15. On or about July 30, 2014, Dr. Pyles completed an Attending Physician's

Statement at the request of Defendant. Dr. Pyles stated Plaintiff was unable to return to work due to shortness of breath and emphysema and that she was referring him to a pulmonologist.

16. On or about August 29, 2014, Plaintiff underwent a Pulmonary Function Test which predicted a FEV1 (Forced Expiratory Volume – one second) of 45%, falling in the severe range for Chronic Obstructive Pulmonary Disease (COPD).

17. On or about September 26, 2014, Plaintiff was seen by pulmonologist Dr. Drew Jones who diagnosed Plaintiff with severe COPD with ongoing symptoms severely limiting his ability to work. Dr. Jones prescribed Albuterol Sulfate, Prednisone, ProAir HFA, Tudorza Pressair, and provided samples of Daliresp.

18. On or about November 05, 2014, Dr. Jones completed a Capacity Questionnaire at the request of Defendant. Dr. Jones opined that based on objective evidence Plaintiff did not have the capacity for full-time work.

19. On or about November 17, 2014, Plaintiff was approved by the Social Security Administration for Social Security Disability Insurance under the SSA's definition of disability: "the inability to engage in any substantial gainful activity."

20. On or about December 18, 2014, Plaintiff's claim for Long Term Disability benefits was approved.

21. On or about March 04, 2015, Plaintiff was seen by Nurse Practitioner Bettina Reed who noted tenderness to palpation of the lumbar spine with limited range of motion on exam, diagnosed Plaintiff with osteoarthritis involving multiple sites, spondylosis with myelopathy in the lumbar region, and gout, and prescribed Etodolac, Neurontin, Norco, Tramadol, and Zanaflex.

22. On or about March 25, 2015, Plaintiff underwent an MRI of his spine. The impression was as follows:

- Marked degeneration of the right L4-L5 facet resulting in mild right foraminal narrowing at this level.
- Small left paracentral extrusion with inferior extension at L5-S1.

23. On or about September 03, 2015, Plaintiff was seen by sleep medicine Dr. Taruj Ali who diagnosed Plaintiff with OSA (Obstructive Sleep Apnea) and initiated PAP (Positive Airway Pressure) therapy.

24. On or about October 06, 2015, Plaintiff underwent an in-person sleep study, conducted by Dr. Ali, which revealed poor sleep efficiency.

25. On or about October 10 2015, Plaintiff underwent an X-Ray of his chest. The impression included the following:

- Severe emphysema.

26. On or about February 24, 2016, Plaintiff was seen by Dr. Jones who noted wheezing on exam and prescribed Stiolto Respimat (Inhaler).

27. On or about July 01, 2016, Plaintiff was seen by Dr. Jones who diagnosed Plaintiff with nocturnal hypoxia with plans for nocturnal gas oxygen therapy.

28. On or about July 04, 2016, Plaintiff underwent a home sleep study which revealed 407 apnea and hypopnea events, 455 oxygen desaturations, and an oxygen saturation level as low as 72%. The impression was as follows:

- Overall AHI (Apnea/Hypopnea Index) of 51.8/hour
- Severe Obstructive Sleep Apnea more severe supine
- Significant daytime sleepiness
- Severe COPD

29. On or about July 14, 2016, Plaintiff underwent a second in-person sleep study conducted by Dr. Ali. The impression included the following:

- Obstructive Sleep Apnea

30. On or about September 26, 2016, Plaintiff was seen by Dr. Jones who initiated plans to bleed oxygen into Plaintiff's CPAP to help with Plaintiff's severe obstructive sleep apnea and nocturnal hypoxia.

31. On or about December 15, 2016, Plaintiff was seen by Bettina Reed who again noted lumbosacral tenderness over the paraspinal muscle on exam and prescribed Mobic for Plaintiff's osteoarthritis.

32. On or about January 09, 2017, Defendant denied Plaintiff's Long Term Disability claim, alleging Plaintiff was capable of performing a gainful occupation.

33. On or about February 01, 2017, Plaintiff was seen by Bettina Reed who agreed with Plaintiff that it was not possible for him to work a sedentary job and recommended he appeal his disability decision.

34. On or about April 19, 2017, Plaintiff under plethysmography testing which revealed airway obstruction, air trapping, and reduced diffusion capacity.

35. On or about May 09, 2017, Bettina Reed wrote a letter of support confirming her opinion that Plaintiff did not have the capacity for sedentary work, stating "I have followed Mr. Haynes over the years for his chronic health concerns. It is my professional assessment that between his severe emphysema and his spondylosis of his lumbar spine with myelopathy, I do not believe that Mr. Haynes would be able to obtain and maintain successful long term gainful employment in any sort of meaningful or consistent capacity."

36. On or about June 02, 2017, Dr. Jones confirmed his previous opinion that Plaintiff did not have the capacity for full-time work, adding that Plaintiff would require frequent breaks (at least once per hour) of about 5-10 minutes and that Plaintiff's impairments would cause him to miss at least 4 days of work per month.

37. On or about July 06, 2017, Plaintiff appealed the denial of his claim with assistance from counsel.

38. On or about August 25, 2017, Defendant denied Plaintiff's appeal.

39. Based upon the substantial medical evidence in the possession of PRUDENTIAL at the time of the denial, the decision to deny disability insurance benefits was wrongful and contrary to the terms of the Plan.

40. As a direct and proximate result of PRUDENTIAL's failure to provide Plaintiff with disability benefits, Plaintiff has been deprived of said disability benefits beginning on or about January 11, 2017, to the present date.

41. As a further direct and proximate result of the denial of benefits, Plaintiff has

incurred attorney fees to pursue this action, and is entitled to have such fees paid by defendants pursuant to 29 U.S.C. § 1132(g)(1), ERISA § 502(g)(1).

42. A controversy now exists between the parties as to whether Plaintiff is disabled as defined in the Plan. Plaintiff seeks the declaration of this Court that she meets the Plan definition of disability and consequently she is entitled to all benefits from the Plan to which she might be entitled while receiving disability benefits including reimbursement of all expenses and premiums paid for such benefits from the termination of benefits to the present. In the alternative, Plaintiff seeks a remand for a determination of Plaintiff's claim consistent with the terms of the Plan.

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

1. An award of benefits in the amount not paid Plaintiff beginning on or about January 11, 2017, together with interest at the legal rate on each monthly payment from the date it became due until the date it is paid; plus all other benefits from the Plan to which he might be entitled while receiving disability benefits including reimbursement of all expenses and premiums paid for such benefits or, in the alternative, a remand for a determination of Plaintiff's claim consistent with the terms of the Plan;

2. An order determining Plaintiff is entitled to future disability payments/benefits so long as he remains disabled as defined in the Plan;

3. For reasonable attorney fees incurred in this action; and,

4. For such other and further relief as the Court deems just and proper.

Dated: November 14, 2017

**DarrasLaw**

_____
FRANK N. DARRAS
SUSAN B. GRABARSKY
PHILLIP S. BATHER
Attorneys for Plaintiff
RICHARD HAYNES

COMPLAINT